## Richmond.

### EDWARDS v. THE COMMONWEALTH.

### ANDERSON v. SAME.

#### November 15th, 1883.

1. PARDON—*Effect.*—The governor's pardon relieves the offender not only of the punishment annexed to the offence whereof he was convicted, but of all penalties and consequences, including the additional punishment imposable not by reason of the sentence for the second offence alone, but in consequence of that sentence *and* the sentence in the former case—*except,* however, political disabilities growing out of his conviction and sentence.

2. IDEM—*Exception.*—Nor does such pardon restore an office forfeited, or rights become vested in others by reason of the conviction and sentence.

3. IDEM—*Case at bar.*—E was convicted in corporation court of D, of felony, in March, 1883, and sentenced to confinement in the penitentiary. In July, 1883, he was arraigned in the circuit court of Richmond, upon an information alleging that he had been before convicted and sentenced for a like offence, to-wit: in March, 1881. He pleaded a full pardon from the governor for the first offence, granted in April, 1882. A demurrer to this plea was sustained, and he was sentenced to a further term of five years in the penitentiary, under Code 1873, ch. 195, § 25. On error—

HELD:

    1. The governor's pardon having, in a legal sense, blotted out the first offence, it must be regarded as though it had never been committed.

    2. The demurrer to the plea should have been overruled.

Error to judgment of circuit court of Richmond, rendered 6th July, 1883, upon an information against Washington Edwards, a convict in the penitentiary, alleging that he was on the 10th of March, 1881, duly convicted of a felony in the corporation court of Danville, and sentenced and received into the penitentiary for a term of one

year; and that afterwards, to-wit: on 5th of March, 1883, in said corporation court, said Edwards was duly convicted of another felony, and sentenced and received into said penitentiary for a term of five years; and that said Edwards had not been sentenced to the punishment prescribed by law for said second offence; and praying due process of law requiring said Edwards to make answer touching the premises as required by the act of assembly in such case provided. And said Edwards in proper person made answer that the information should not be prosecuted against him, because on the 25th of April, 1882, the governor of this Commonwealth did grant unto him a pardon for the first offence in the information mentioned. To this special plea the attorney for the Commonwealth demurred; which demurrer the circuit court sustained; whereupon the prisoner moved in arrest of judgment, which motion the court overruled, and the prisoner excepted. Then the prisoner in open court admitting that he was the person named in the information, the court considered that he undergo a further confinement in the penitentiary for the term of five years, commencing from the expiration of his present term. To which judgment the prisoner excepted, and obtained from one of the judges of this court a writ of error. The facts and proceedings in the case of Burgess Anderson are substantially the same, and both cases were heard together.

*George Bryan*, for the prisoners.

*F. S. Blair, Attorney-General*, for the Commonwealth.

LEWIS, P., delivered the opinion of the court.

The statute provides that when a person is convicted of an offence and sentenced to confinement therefor in the

penitentiary, and it appears in the manner prescribed that he has before been sentenced in the United States to a like punishment, a term of five years confinement shall be added to the term for which he is or would be otherwise sentenced. Code 1873, ch. 195, § 25; Acts of Assembly 1877–78, p. 315, § 25.

At the March term, 1883, of the corporation court of the town of Danville, the plaintiff in error was convicted of a felony, and sentenced to imprisonment therefor in the penitentiary. On the 6th day of July following, under the provisions of chapter 208 of the Code (now Acts of Assembly 1877–78, p. 371) he· was arraigned in the circuit court of the city of Richmond, upon an information filed by the attorney for the Commonwealth, alleging that he had been convicted of a felony in the said corporation court on the 9th day of March, 1881, and sentenced therefor to imprisonment in the penitentiary. The information was filed upon information given to the said circuit court by the superintendent of the penitentiary, in whose custody the accused then was in pursuance of the sentence pronounced by the said corporation court at its March term, 1883. The accused, upon his arraignment, pleaded in bar of the proceedings a full pardon of the governor for the first offence, which was granted on the 25th day of April, 1882. The attorney for the Commonwealth demurred to the plea, and the demurrer was sustained, and the accused afterwards sentenced to undergo a further confinement in the penitentiary for the term of five years, commencing from the expiration of the term of confinement he was then undergoing.

The single question now to be determined relates to the operation and effect of the pardon relied on.

A pardon is defined to be a remission of guilt. Its effect, under the English law, is thus stated by Hawkins in his Pleas of the Crown: "The pardon of a treason or felony,

even after a conviction or attainder, does so far clear the party from the infamy of all other consequences of his crime that he may not only have an action for a scandal in calling him traitor or felon after the time of the pardon, but may also be a good witness notwithstanding the attainder or conviction; because the pardon makes him, as it were, a new man."

In the early case of *Cuddington* v. *Wilkins*, Hobart, 81, the plaintiff brought an action against the defendant for denouncing him as a thief. The defendendant pleaded that the plaintiff had been guilty of stealing six sheep. The plaintiff replied that after the felony and before the publication of the objectionable words he had been pardoned by a general pardon. Upon demurrer the replication was held good. The whole court were of opinion that though the plaintiff were a thief once, yet the effect of the king's pardon was not only to relieve him of the punishment imposed, but to clear him of the crime and infamy.

Blackstone says the effect of a pardon by the king is to make the offender a new man, to acquit him of all corporal penalties and forfeitures annexed to the offence for which the pardon is granted, and to give him a new credit and capacity.

The same principles apply to a pardon of the president of the United States. *United States* v. *Wilson*, 7 Peters, 150. In *ex parte Garland*, 4 Wall. 333, the supreme court held that the petitioner, having received a full pardon for all offences by him committed arising from participation in the rebellion, was relieved from all penalties and disabilities attached to the commission of his offence, and was placed beyond the reach of punishment so far as that offence was concerned; that it was not within the constitutional power of congress to inflict punishment beyond the reach of executive clemency, and accordingly that he could not be excluded, by reason of the offence for which he had

been pardoned, from continuing in the enjoyment of the right previously acquired to appear as counsellor and attorney in that court.

In delivering the opinion of the court, Mr. Justice Field said : " A pardon reaches both the punishment prescribed for the offence and the guilt of the offender, and when the pardon is full, it relieves the punishment and blots out of existence the guilt, so that in the eye of the law the offender is as innocent as if he had never committed the offence. If granted before conviction, it prevents any of the penalties and disabilities consequent upon conviction from attaching; if granted after conviction, it removes the penalties and disabilities, and restores him to all his civil rights—it makes him, as it were, a new man, and gives him a new credit and capacity. There is only this limitation to its operation : it does not restore offices forfeited, or property or interests vested in others in consequence of the conviction and judgment." And the same learned judge, in delivering the opinion of the court in the later case of *Carlisle* v. *The United States,* 16 Wall 147, said : " There has been some difference of opinion among the members of the court as to cases covered by the pardon of the president, but there has been none as to the effect and operation of a pardon in cases where it applies. All have agreed that the pardon not merely releases the offender from punishment prescribed for the offence, but that it obliterates in legal contemplation the offence itself." In *Osborn* v. *United States,* 91 U. S. 474, the court say : " It is of the very essence of a pardon that it releases the offender from the consequences of his offence " And to the same effect are all the authorities.

By the constitution of Virginia, the governor is empowered to grant reprieves and pardons *after conviction,* except when the prosecution has been carried on by the house of delegates, and to remit fines and penalties in such cases

and under such rules and regulations as may be prescribed by law. He is also empowered to remove political disabilities consequent upon conviction for offences, and to commute capital punishment. Const., Art. IV, § 5.

It will thus be seen that certain restrictions are here imposed upon the exercise of the pardoning power which are not found in the laws of England or of the United States. But subject to these restrictions, the effect of the governor's pardon must be determined by the same rules which apply to a pardon by the British crown or by the president of the United States.

By the pardon in question, therefore, the plaintiff in error was not only relieved of the punishment annexed to the offence for which he had been convicted, but of all penalties and consequences, except political disabilities, growing out of his conviction and sentence. One of those consequences was the liability to which it subjected him to receive the additional punishment prescribed by the statute, in case he should be afterwards sentenced to the penitentiary in this State. And that additional punishment has been imposed in this case, not by reason of the sentence for the second offence alone, but in consequence of that sentence *and* the sentence in the former case. Both causes must exist together to produce the effect contemplated by the statute; in the absence of either, no case is made for the imposition of the additional punishment the statute prescribes. But as the first offence was in legal contemplation blotted out, and its consequences removed, by the pardon of the governor, it must be regarded, for the purposes of this case, as though it had never been committed. It follows, therefore, that the judgment of the circuit court, sustaining the demurrer to the prisoner's plea, is erroneous and must be reversed.

A like order will be entered in the case of *Anderson* v. *The Commonwealth*, in which the same question is involved, and was heard with this.

The judgment was as follows:

This day came again as well the plaintiff in error by his attorney, as the attorney-general on behalf of the Commonweatlh, and the court, having maturely considered the transcript of the record of the judgment aforesaid and the arguments of counsel, is of opinion, for reasons stated in writing and filed with the record, that the said circuit court erred in sustaining the demurrer to the special plea of pardon of the said plaintiff in error, and in rejecting the said plea, and in overruling the said plaintiff's motion in arrest of judgment, and in sentencing him to confinement in the penitentiary for the term of five years, commencing from the expiration of the term of confinement therein to which he had been sentenced by the said corporation court of the town of Danville on the —— day of March, 1883; and that, instead of doing so, the said circuit court ought to have overruled the said demurrer and sustained the said plea, and dismissed and discharged the said plaintiff of and from the premises in the said information specified, according to the true intent, meaning and effect of the said pardon.

Therefore, it is considered that the said judgment be reversed and annulled; and this court, proceeding to enter such judgment as the said circuit court ought to have entered, it is further considered that the said demurrer be overruled, the said plea of pardon be sustained, and the said plaintiff be dismissed and discharged of and from the premises in the said information specified, according to the true intent, meaning and effect of the said pardon, and go thereof without day, &c.; which is ordered to be certified to the said circuit court of the city of Richmond.

JUDGMENT REVERSED.