By The Court
It is provided in section 7388-11 of the Revised Statutes that “ Every person who after having been twice convicted, sentenced and imprisoned in some penal institution for felony, whether committed heretofore or hereafter, and whether committed in this state or elsewhere within the limits of the United States of America, shall be convicted, sentenced and imprisoned in the Ohio penitentiary for felony hereafter committed, shall be deemed and taken to bean habitual criminal, and on the expiration of the term for which he shall be so sentenced, he shall not be discharged from imprisonment in the penitentiary, but shall be detained therein for and during his natural life,” etc.
The question presented by the exception is whether a former conviction and imprisonment for a felony on account of which the governor has granted an unconditional pardon may be regarded as one of the former convictions necessary to place the accused in the category of habitual criminals as defined by the act. It may be that the criminal habit is as- certainly indicated ' by the commission of felonies for which unconditional pardons have been granted as by those whose penalties *218 have been suffered to the end. But we must presume that the legislature enacted this section intending that the language should be construed according to the commonly received view as to the effect of a pardon. That view with reference to legislation of this character is that “If a second offense is made by statute more heavily punishable than the first, then if the first is pardoned, it is obliterated. The consequence of which is that a like offense afterward committed is not a second, and is punishable only as a first.” Bishop New Cr. L., section 919. Edwards v. Commonwealth, 78 Va., 39. The case of Mount v. Commonwealth, 2 Duvall, 93, has not been accepted as a .correct statement of the law.

Exception overruled.