W. E. VASSAR v. B. ARNOLD, Mayor-Commissioner WALTER PETERSON, J. W. SNEED, C. D. MUSTAINE and HENRY R. JONES, as City Commissioners; HOWARD HORTON, City Clerk.

18 So. (2nd) 906                                          June Term, 1944
July 25, 1944                                              En Banc

D. C. *Smith,* and *Carlton & Ellis,* for appellant.

G. R. *Nottingham,* for appellees.

TERRELL, J.:

This appeal is from a final decree denying a motion for peremptory writ of mandamus notwithstanding the return and dismissing the alternative writ which sought to require the City of Fort Pierce in St. Lucie County to levy and collect municipal taxes in the manner provided by Chapter 22296, Acts of 1943. A return to the alternative writ challenges the constitutional validity of the said Act.

Chapter 22296 is an amendment to the charter of the City of Fort Pierce and it is contended that it is violative of Section 5, Article IX and Section 20, Article III of the Constitution of Florida in that it attempts to adopt bodily the tax assessment roll of St. Lucie County and thereby relieves the City of making its assessments for municipal purposes.

The pertinent part of Section 5, Article IX of the Constitution provides:

"The Legislature shall authorize the several counties and incorporated cities or towns in the State to assess and impose taxes for county and municipal purposes, and for no other purposes, and all property shall be taxed upon the principles established for State taxation. But the cities and incorporated towns shall make their own assessments for municipal purposes upon the property within their limits."

A reasonable interpretation of this provision requires municipalities to make their own assessments for municipal purposes. In so far as Chapter 22296 attempts to adopt

bodily the St. Lucie County assessment roll for the City of Fort Pierce, it is invalid. City of Bradenton v. S. A. L. Ry. Co., 100 Fla. 606, 130 So. 21. The City may in its discretion adopt the assessment roll of the county in so far as it applies to the City if deemed to be in conformity with its assessment laws but it is not competent for the Legislature to do.

Section 55 of Chapter 22296 also provides that the tax assessor of St. Lucie County shall be ex officio tax assessor of the City of Fort Pierce. It is contended that this provision violates that part of Section 20, Article III of the Constitution prohibiting the Legislature from passing any special or local law regulating the jurisdiction and duties of any class of officers except municipal officers.

In Lainhart v. Catts, 73 Fla. 735, 75 So. 47; Martin v. Dade Muck Land Co., 95 Fla. 530, 116 So. 449, and cases of similar import we held that the Legislature could as an incident to the formation of a taxing district for governmental purposes impose administrative duties on State and county officers to effectuate the object of the district but even if it be within the perview of the Constitution to do so, we have never extended this principle to municipalities.

It further appears and was held by the Court below that Sections 116 and 117 of Chapter 22296 when read in connection with other provisions of the city charter are so ambiguous and conflicting in their import as to give effect to either section produces results not contemplated by the Legislature. Town of Boynton v. State ex rel. Davis, 103 Fla. 1113, 138 So. 639. For this reason the said provisions are non enforceable.

The judgment appealed from is affirmed.

Affirmed.

BUFORD, C. J., BROWN, CHAPMAN, ADAMS and SEBRING, JJ., concur.

THOMAS, J., not participating.