65 So.2d 15 (1953)
MARSH et al.
v.
GARWOOD.
Supreme Court of Florida, en Banc.
May 8, 1953.
*16 Richard W. Ervin, Atty. Gen. and Mark R. Hawes, Asst. Atty. Gen., for appellants.
Carr & O'Quinn, Miami, for appellee.
SEBRING, Justice.
Hobart Garwood, the appellee, instituted suit under the declaratory judgment statute for the purpose of procuring a decree declaring his rights, privileges, and status under the Child Molester Law of Florida, § 801.01 et seq., F.S.A.
In his complaint and amendment thereto he alleged that on June 26, 1951, he was tried and convicted of the crime of committing a "lewd and lascivious and indecent assault upon a child under 14 years of age without intent to commit rape." After conviction but before imposition of sentence he was committed by the trial judge to the Florida State Hospital "for an indefinite period of time, for treatment and rehabilitation." After he had received treatment for a period of several months, a psychiatrist's report was filed by the Superintendent of the Florida State Hospital showing that he had received favorably all treatment that could be afforded him at the Hospital, and recommending that the Florida Parole Commission take over his case for the purpose of parole. The Commission has had his case before it for a reasonable period of time, but has failed and refused to take any action thereon. Consequently he is still being held and confined in the State Hospital, although he is eligible for release on parole, under the terms of the Child Molester Law.
The prayer of the complaint is that the court declare the Child Molester Law unconstitutional and void for the reason that the act is so ambiguous, indefinite, vague and uncertain that the same is impossible of operation; or, if the court finds the Act not to be unconstitutional, that the court declare the rights of the plaintiff thereunder.
The members of the Parole Commission answered the complaint, praying in their answer that the court declare by way of affirmative relief: (1) The powers, privileges and rights of the Commission in respect to conditionally discharged persons who have been committed to the State Hospital under the provisions of the Child Molester Law; (2) what effect a favorable recommendation by the psychiatrist treating such a person has upon the discretion of the Parole Commission as to how and when a conditional or absolute discharge of such a person should be properly *17 made; (3) the status of the Parole Commission, if such a person is paroled by it and thereafter violates the conditions of his parole; (4) the legal effect of a revocation of a parole upon a breach of its condition, and the legal authority and power of the Commission to cause the arrest of such a violator and recommit him to the State Hospital.
Subsequently the Circuit Court of Leon County entered a decree in the cause which contained the following findings and declarations:
1. Chapter 801, Florida Statutes 1951, F.S.A., is not unconstitutional except section 801.14(1), which is not passed on.
2. Chapter 801 does not contemplate that any patient committed to the State Hospital under its terms shall remain in said hospital after that institution has exhausted its curative abilities upon said person, unless said person be insane.
3. When the authorities of the hospital feel that such a person is sane and no further treatment is indicated this fact should be reported to the Parole Commission and to the court which committed him.
4. Should neither the Parole Commission nor said court act within a reasonable time, the hospital authorities should tender such person to the sheriff of the county from which he was received, and if the sheriff refuses to take him, the hospital authorities may release him from custody, provided no other detainer has been filed against him.
5. The committing court retains jurisdiction to sentence such a patient for the crime committed at any time that such court deems such sentence advisable.
6. Time spent under a commitment to the State Hospital is not punishment but treatment.
7. The committing court also retains jurisdiction to place such a person upon parole, subject to the limitations of section 801.08 of the Act.
8. The Parole Commission may direct that such a person be discharged or released from the State Hospital at any time, subject to receiving the report required by section 801.13 of the Act.
9. The Parole Commission may make such release conditional in any respect it may reasonably determine to be advisable in the interests of the public and the patient. Such a release, however, does not operate to defeat the still existing jurisdiction of the committing court to impose sentence for the crime.
The Parole Commission has appealed from the decree and assigns as grounds for reversal (1) that the court erred in its decision that the Commission could parole a person committed to the Florida State Hospital for treatment and rehabilitation under the Child Molester Law, and (2) that the court erred in its refusal to rule that under the terms of the Child Molester Law persons committed to the Florida State Hospital for treatment and rehabilitation under said law should be returned to the committing court for further disposition of his cause, after the hospital had exhausted its curative abilities upon such person and such person was not insane.
The questions raised by these assignments are now before us for determination.
Chapter 26843, Laws of Florida 1951, Chapter 801, Florida Statutes 1951, F.S.A., known as the Child Molester Law, prescribes a procedure by which persons convicted of certain specified crimes against, to, or with persons twelve years of age or under may, at the discretion of the trial judge, be committed "for treatment and rehabilitation to the Florida State Hospital, or to the hospital of the State Institution to which he would be sent as provided by law because of his age or color." Section 3(2), Chapter 26843; section 801.03, Florida Statutes 1951, F.S.A. In respect to the discretion that may be exercised by the trial judge after the conviction of a defendant for any of the enumerated crimes, the law allows to the trial judge the following courses of action:
1. The trial judge may sentence the defendant to the sentence provided by law for the specific crime of which he was convicted, and thereupon order that the defendant be committed to prison to serve the term for which he was sentenced. Section *18 3(1), Chapter 26843; section 801.03 (1) (a), Florida Statutes 1951, F.S.A.
2. The trial judge may commit the convicted defendant to the appropriate state institution for psychiatric treatment and defer the imposition of sentence pending the discharge of such person from further treatment in accordance with the procedure outlined in the law. Section 3(2), Chapter 26843; section 801.03(1) (b), Florida Statutes 1951, F.S.A.
3. The trial judge "may suspend the execution of judgment and place the defendant upon probation" provided "the court is satisfied that the defendant will take regular treatments from a psychiatrist, and the * * * psychiatrist [will] make written reports at intervals of not more than six months to the court and the probation officer in charge of the case." Section 7, Chapter 26843; section 801.08, Florida Statutes 1951, F.S.A.
The term "suspend execution of judgment" appearing in section 7 of Chapter 26843 is a term unknown to the penal law of this state. We think that in using it in this section the framers of the statute intended that it should mean the same thing as "suspend the imposition of sentence", which is the language used in our statutes dealing with probation procedures generally, Chapter 948, Florida Statutes 1951, F.S.A. § 948.01(3), because section 7 also provides that when a defendant has been placed on probation for voluntary psychiatric treatment the trial court may at anytime thereafter revoke the probation order and "impose such sentence as might have been imposed at the time of conviction."
Section 10 of Chapter 26843 provides that when a convicted defendant has been committed to a state institution for psychiatric treatment, under the terms of section 3(2) of the Law, it becomes the duty of the Superintendent of State Hospitals and the Board of Commissioners of State Institutions to receive him, to administer and supervise treatment, and to make available to the Parole Commission a complete record of his history and progress.
Section 11 of Chapter 26843 makes it the duty of the Parole Commission, within six months after the commitment of a convicted defendant, and within every two years thereafter, to review the record and findings in reference to said defendant for the purpose of considering the "release or parole or discharge" of such person. The section also provides that "Release * * * shall be solely upon the initiative of the parole commission or the psychiatrist under whose care said person has been treated" and that "A conditional or absolute discharge may be granted by the parole commission."
It is section 11 of the statute that is challenged by the Parole Commission as being in excess of the power that the Legislature may validly confer upon the Commission.
In respect to this contention it should be noted that section 32 of Article XVI of the Florida Constitution, F.S.A., is the source from which the Legislature derives its authority to enact legislation conferring powers and duties upon a parole commission. The provisions of that section read: "The Legislature may create a Parole Commission empowered to grant paroles or conditional releases or probation under official supervision to prisoners or persons charged with criminal offenses, and may provide for the qualification and method of selecting the Commission members and for their term of office the length of which shall be wholly within the discretion of the Legislature."
As used in the field of penal law, the terms "paroles," "conditional releases," and "probation" have definite and specific meanings, and it must be assumed that the electors intended such meanings, and no others, when they adopted section 32, Article XVI, of the Constitution. City of Jacksonville v. Continental Can Co., 113 Fla. 168, 151 So. 488; Advisory Opinion to Governor, 156 Fla. 48, 22 So.2d 398.
Section 11 of Chapter 26843, the portion of the Law that is directly involved in this appeal, contains no indication that probationary orders are contemplated. The use in the statute of the words "conditional or *19 absolute discharge", in describing the action which may be taken by the Commission, negatives any idea that probation is intended  even if it could be conceded for the sake of argument that the Parole Commission, a statutory agency of the executive branch of the government, could have the power to order probation, as distinguished from the power to exercise supervisory control over persons who have been placed on probation by a court having jurisdiction over them. Hence we need not elaborate on the meaning of the phrase "probation under official supervision" as used in section 32, Article XVI, of the Constitution.
The term "parole" means the procedure by which a prisoner, that is to say, a duly convicted defendant who has been sentenced and is serving a term of imprisonment under the judgment of conviction, "is allowed to serve the last portion of his sentence outside prison walls and under strict supervision, as preparation for his eventual return to society." Sellers v. Bridges, 153 Fla. 586, 15 So.2d 293, 294, 148 A.L.R. 1240; Chapter 947, Florida Statutes 1951, F.S.A. The term is applicable only to cases in which a convicted and sentenced defendant has served a part of the sentence imposed. 24 C.J.S. Criminal Law, § 1618(2), p. 176. It pertains to action taken after the prison door has been closed; it suspends the execution of a penalty already imposed. Lovelace v. Commonwealth, 285 Ky. 326, 147 S.W.2d 1029. It is applicable only to prisoners actually confined and serving sentence. June 25, 1910, c. 387, § 1, 36 Stat. 819; Jan. 23, 1913, c. 9, 37 Stat. 650; Title 18 U.S.C. § 1940 ed., § 714, Title 18 U.S.C.A., § 4202. See also section 12, Chapter 20519, Laws of Florida, 1941; section 3, Chapter 21775, Laws of Florida, 1943; section 947.16, Florida Statutes 1951, F.S.A.
The term "conditional release" means quite a different thing from "parole." Moreover it is different from the term "conditional pardon." Conditional release is a procedure employed in the federal system, but presently unknown to our own practice, under which a prisoner, that is to say, a defendant who has been duly convicted and sentenced, and who has served the term for which he was sentenced "less good time deductions," is released from prison "as if released on parole * * * subject to all provisions of law relating to the parole of United States prisoners until the expiration of the maximum term or terms for which he was sentenced." See June 29, 1932, c. 310, Section 4, 47 Stat. 381; Title 18 U.S.C. § 1940 ed. § 716b, and U.S.C.A. Title 18, § 4164. 8 Words and Phrases, p. 669, citing Chandler v. Johnston, 9 Cir., 133 F.2d 139 for definition of "conditional release."
As is apparent, a parole or a conditional release differs from a pardon in that neither is an act of amnesty and neither terminates a sentence legally imposed, Sellers v. Bridges, supra; U.S. v. Wilson, 7 Pet. 150, 32 U.S. 150, 8 L.Ed. 640; compare Chandler v. Johnston, supra; whereas a pardon, whether full or conditional, is an act of amnesty and does terminate the sentence. It reaches both the punishment prescribed and the guilt of the offender. It may be granted before or after a convict's term of imprisonment has expired. When extended to a convict in prison, a full pardon relieves him of the remaining punishment and removes his disabilities; when granted after his time of imprisonment has expired, it moves all that is left of the consequences of conviction  his disabilities, and restores him to his customary civil rights, which are generally recognized as the right to hold office, to vote, to render jury service, and to be a witness. Opinion of Justice (In re Executive Communication), 14 Fla. 318; Singleton v. State, 38 Fla. 297, 21 So. 21, 34 L.R.A. 251; Page v. Watson, 140 Fla. 536, 192 So. 205, 126 A.L.R. 249. A conditional pardon is the same in ultimate consequences as a full pardon. Once a convict fulfills the conditions of a conditional pardon, the effect of the pardon becomes the same as though it were by its terms full and absolute. Alvarez v. State, 50 Fla. 24, 39 So. 481.
Such being the meaning of the terms parole and conditional release, as used in section 32, Article XVI of the Constitution, it is perfectly plain that under that provision *20 the Commission may be given authority over prisoners only after imposition of sentence, and that any attempt by the Legislature to confer upon it, in respect to a crime committed, the power to grant a parole, conditional release, or an absolute discharge to a defendant who, though convicted of crime, has never had sentence imposed upon him, is beyond the authority granted to the Legislature. It follows, therefore, that if by the terms "parole," "release," or "conditional or absolute discharge" the Legislature had reference to such procedures in their application to crimes, the section providing for the granting of such discharges by the Commission, in the circumstances of the present case, is invalid on constitutional grounds.
An elementary principle of statutory construction is that in the enactment of a statute the Legislature will be presumed to have intended a constitutional result. Smetal Corp. v. West Lake Inv. Co., 126 Fla. 595, 172 So. 58; Therrell v. Smith, 124 Fla. 197, 168 So. 389. With reference to the statute involved in this litigation it cannot be presumed, therefore, that the Legislature intended to confer upon the Parole Commission the power to grant paroles, conditional releases or absolute discharges of persons convicted of crime where no sentence has been imposed; because any attempt to confer such power would be in excess of the authority given the Legislature under the terms of section 32, Article XVI, of the Constitution, in respect to such matters. Therefore we must look for some other legislative intention within the framework of the statute, in an effort, if we can do so, to uphold the statute.
Approaching the matter from that aspect, it seems reasonable to assume that when the Legislature conferred upon the Parole Commission the power to grant "paroles," "releases," and "conditional or absolute discharge" to a certain class of defendants, namely, those who had been convicted but not sentenced, but had been placed temporarily in the State Hospital for psychiatric treatment, the Legislature intended to place upon the Parole Commission some sort of supervisory responsibility for safe conduct of these defendants from the time they were ready to be discharged from the Hospital until their delivery to the trial judge whose duty it becomes after the "discharge of such person from further treatment", section 3(2), Chapter 26843; section 801.03(1) (b), Florida Statutes 1951, F.S.A., to take action in the case of which he has jurisdiction by the entry of some appropriate order or sentence.
Assuming, then, that the Legislature intended to confer some such authority upon the Parole Commission, the question arises as to how or in what manner such authority is to be exercised by that agency.
If, for example, the Parole Commission is to have power to grant a "parole" to a defendant and thereby relieve him from further treatment or further incarceration in the State Hospital, by what standard is the Commission to be guided in fixing the terms and conditions of such paroles, with particular reference to the length of time such a parole is to be effective? If the Commission is to have such power and authority, what is its duty in respect to a paroled defendant who violates the conditions of his parole? Bearing in mind that persons committed to the hospital under the act are not under court sentence but have been temporarily committed for treatment, it seems clear that such persons, for breach of parole, may not be summarily arrested and committed to prison. What, then, may the Parole Commission do when it revokes such a parole for breach of its conditions  recommit the defendant to the State Hospital? What authority would exist for such action in the face of a statute that clearly contemplates that such a defendant shall not be confined in the State Hospital after that institution's curative abilities have been exhausted? Suppose that a parole has been broken in respect to a condition thereof that has nothing to do with the molesting of a child twelve years of age or under, how can the defendant be reconfined in the State Hospital when the only offense for which such defendants can be committed to a state hospital is the commission of such a crime?
*21 These are but a few of the countless questions that immediately come to mind in connection with the "parole" power attempted to be conferred upon the Commission, for which neither the statute under consideration nor any other statute of which we are aware attempts to supply the answer. Other questions equally vexing are suggested by the attempt in the statute to confer upon the Commission the power to grant a "release" or a "conditional or absolute discharge". Under such circumstances it would seem that the most that could be said for section 11 of Chapter 26843 is that while it may validly confer some power upon the Commission, the exact nature of which is imperfectly indicated, it fails completely and in every particular to indicate the method by which the power is to be exercised. Section 11 of the Act, therefore, is inoperative. See Vassar v. Arnold, 154 Fla. 757, 18 So.2d 906; Sutherland on Statutory Construction, 3rd ed., §§ 4503, 4920, 6603, 6604.
We have no doubt that the Legislature had authority to empower the trial judge having jurisdiction over a person committing one of the offenses included within the provisions of section 2, Chapter 26843, to order that a defendant convicted of such a crime be confined in one of the state institutions for psychiatric treatment. Compare Moore v. Draper, Fla., 57 So.2d 648; Varholy v. Sweat, 153 Fla. 571, 15 So.2d 297.
Doubtless the Legislature also had the authority to require the Parole Commission to review the hospital record of the convicted defendant for "the purpose of considering the release or parole or discharge of such persons" from the State Hospital treatment, care and supervision. See section 801.13, Florida Statutes 1951, F.S.A. For while the Parole Commission would have no authority, in respect to the crime committed, to grant a release, parole or discharge of the defendant, as these terms are understood in the field of penal law, the Commission's findings and recommendations based on such record would doubtless be of great value to the trial judge, after the defendant had been delivered back to him, in discharging his duty of assessing what further action should be taken in the cause; that is to say, whether he should impose sentence and commit the defendant to prison, section 801.03(1), Florida Statutes 1951, F.S.A.; continue the stay of imposition of sentence and place the defendant on probation for voluntary psychiatric treatment, section 801.08, Florida Statutes 1951, F.S.A.; or continue the stay of imposition of sentence and place the defendant on probation without requiring of him that he undergo treatment. See Chapter 948, Florida Statutes 1951, F.S.A.
Therefore we do not disturb these aspects of the statute.
All that we decide is that while the Legislature doubtless had authority to confer upon the Parole Commission the power to exercise some type of supervisory authority over committed defendants from the time they were eligible for release from the State Hospital until they were returned to the trial judge exercising jurisdiction originally in the case, the statute is entirely silent as to how, or in what manner such power is to be exercised. Hence the act as presently framed is incapable of accomplishing the result desired and is incapable of execution.
In conclusion it may be well to point out that in the decree appealed from the circuit court found that the court committing a defendant for treatment "retains jurisdiction to place on parole, subject to the limitations of section 801.08." This finding is erroneous. While a court having jurisdiction of the defendant in a criminal proceeding may order probation after a defendant has been convicted, it has no jurisdiction or power to place a defendant on parole, for that is strictly a function of the executive branch of the government to be exercised only after the defendant has been convicted and sentenced and hence after the judicial labor has come to an end.
It follows from the conclusions reached that under the terms of the challenged statute the Parole Commission is without power to grant paroles, conditional releases, or absolute discharges to defendants who have been convicted but not sentenced, *22 once they are eligible for release from the State Hospital, and, accordingly, that the judgment appealed from must be affirmed in part and reversed in part.
It is so ordered.
ROBERTS, C.J., and TERRELL, THOMAS, HOBSON, MATHEWS and DREW, JJ., concur.