QUESTION:
May the Parole and Probation Commission grant a convict who is serving a state prison sentence of twelve months or more and who has a consecutive six-month county jail sentence to serve after completing said state prison sentence a parole on both sentences if his prison record is good?
SUMMARY:
A convict who is serving a state prison sentence of twelve months or more and who has a consecutive six-month county jail sentence to serve after the completion of said state prison sentence is eligible for parole on both sentences if his prison record is good. Your question is answered in the affirmative. In pertinent part, s. 947.16(1), F.S., provides that:
"(1) Every person who has been, or who may hereafter be, convicted of a felony or who has been convicted of one or more misdemeanors and whose sentence or cumulative sentences total twelve months ormore, who is confined in a jail or prison in this state in execution of the judgment of the court, and whose prison record is good, shall, unless otherwise provided by law, be eligible for consideration by the commission for parole. . . ." (Emphasis supplied.)
I construe said statutory words "whose . . . cumulative sentences total twelve months or more" as including all of the consecutive sentences to imprisonment to be served by the convict, regardless of their length and of whether all of them are to be served in the state prison or all in the county jail or one or more in the state prison and one or more in the county jail.
With respect to the situation posed by you, it is obvious that the commission has the authority to parole the convict on the state prison sentence for twelve months or more being served by him if he has a good prison record. However, if the commission did that without also paroling the convict on his consecutive six-month county jail sentence, such action would not accord with the meaning of the word "parole" and would not accomplish the purpose of a parole.
The meaning of "parole" was stated by the Supreme Court of Florida in Marsh v. Garwood, 65 So.2d 15, 19, as follows:
"The term "parole" means the procedure by which a prisoner
(Emphasis by the court), that is to say, a duly convicted defendant who has been sentenced (Emphasis by the court) and is serving a term of imprisonment under the judgment of conviction, "is allowed to serve the last portion of his sentence outsideprison walls (Emphasis supplied.) and under strict supervision, as preparation for his eventual return to society." Sellers v. Bridges, 153 Fla. 586, 15 So.2d 293, 294, 148 A.L.R. 1240; Chapter 947, Florida Statutes 1951, F.S.A."
To the same effect is the following excerpt from the opinion of the United States Supreme Court in Zerbst v. Kidwell,82 L.Ed. 1399, 1401:
"Parole is intended to be a means of restoring offenders who are good social risks to society; to afford the unfortunate another opportunity by clemency — under guidance and control of the Board. . . ." (Emphasis supplied.)
A convict would not be allowed to serve the last portion of his sentence outside prison walls, and would not be restored to society, if he were merely paroled on his state prison sentence and promptly hustled off to a county jail to serve a consecutive county jail sentence.