DEKLE, Justice.
Jurisdiction of this direct appeal from the Circuit Court of Dade County vests pursuant to Art. V, § 3(b)(1), Fla.Const., F.S.A., that court having ruled expressly on the constitutionality of a state statute.
Appellees (plaintiffs below) in this class action seeking declaratory relief are police officers of the City of Miami, who brought suit based upon Ch. 30989, Special Acts of 1955, which states that all police officers of the City of Miami shall not be required to remain on duty for more than forty hours a week. They have alleged certain infractions by the Appellant City of Miami (defendant below), examples of which are *10 compulsory reporting for duty fifteen minutes early, required checking back into the police station after completion of tour of duty and inadequately-compensated additional duty at football games and political conventions. The trial court ordered that the police officers not be required to work in excess of forty hours a week except for actual emergencies; he directed Appellants City and Police Chief to credit all police officers for any work in excess of forty hours.
In making his ruling the learned chancellor expressly upheld the constitutionality of Ch. 30989. Appellants argue that this special act was in conflict with § 24 of the Charter of the City of Miami, Ch. 10847, Special Acts of 1925, which gave the chief of police a broad range of powers over the police force subject to the supervision of the Director of Public Safety. Reliance is placed on the decision of this Court in Vassar v. Arnold, 18 So.2d 906 (Fla.1944), in which a special act of the State Legislature was held non-enforceable because when read in conjunction with the city charter, it appeared so ambiguous and conflicting as to yield a result not contemplated by the Legislature. The situation in this case indicates no such result. The only way in which a conflict would be present is if one should assume that the 1925 Charter provision granted absolute powers to the police force, which would of course be invalid. The special act here is merely one restriction, easily administered, on the police chief’s large array of powers, pursuant to a legislative determination of its desirability.
The chancellor was eminently correct, both in his findings of fact underlying the holding and in the holding itself. We can find no error in his comprehensive final judgment which will not be disturbed. The cross-appeal does not find support in the record.
Affirmed.
ADKINS, C. J., and ROBERTS, ERVIN and McCAIN, JJ., concur.