QUESTION: What authority does the Department of Offender Rehabilitation have to receive and incarcerate persons accused of violations of conditions of parole or mandatory conditional release?
SUMMARY: The state correctional system may hold in custody, pending a final hearing by the Parole and Probation Commission, suspected parole and mandatory conditional release violators when there has been a finding of probable cause to believe they have violated the terms of their release, or when they have waived their right to a preliminary hearing, even though the commission may order the violator restored to conditional liberty. The Parole and Probation Commission has adopted procedures designed to afford necessary due process in accordance with the Supreme Court's decision in Morrissey v. Brewer, 408 U.S. 471 (1972), in parole revocation proceedings. Those procedures are incorporated in Rule 25-2.09, Florida Administrative Code and in numerous internal commission memoranda, including a Preliminary Hearing Handbook promulgated by the commission for use by its hearing officers. Since prisoners released on either mandatory conditional release by virtue of gain-time allowances or parole are subject to revocation under similar procedures, the following discussion will refer to prisoners granted either type of conditional release as parolees. See s. 944.291, F. S.; AGO 073-473. Section 947.21, F. S., provides that a parolee who violates the terms of his parole may be subject to arrest and to return to prison. In s. 947.22, F. S., the Parole and Probation Commission is given the authority to arrest and detain in jail pending a revocation hearing before the commission any parolee whom the commission has reasonable grounds to believe has violated the terms of his parole. Under present procedures, an arrested parolee is first incarcerated in a local county jail pending a preliminary hearing before a commission hearing officer. After the preliminary hearing, the hearing officer enters a written finding as to whether there is probable cause to believe the parolee has violated the conditions of his parole. If the preliminary hearing results in a finding of probable cause, the parolee is then subject to immediate return to the state prison system for a final revocation hearing. Alternatively, a parolee may waive his right to a preliminary hearing, in which case he is returned to prison pending a final hearing. After holding a final hearing, the commission may find that the parolee has not violated his parole and should be released or that he has violated his parole and should either be restored to parole on account of mitigating circumstances or be held to serve the remainder of sentence. In Morrissey v. Brewer, supra, the court held that a finding by a preliminary hearing officer that there is probable cause to believe a parolee has violated the conditions of parole "would be sufficient to warrant the parolee's continued detention and return to the state correctional institution pending the final decision." Id., at 487. Further, returning the parolee to the state system after a finding of probable cause to believe he has violated his parole or after waiver of a preliminary hearing is also a practical procedure since the final revocation hearing may be held up to 2 months after the preliminary hearing. Because a parolee is a state prisoner subject to return to traditional custody upon violation of the terms of his conditional freedom, the duties and responsibilities relating to his incarceration during the interval between the preliminary hearing and the final hearing should be borne by the state rather than by county authorities. See AGO 046-79, February 25, 1946, Biennial Report of the Attorney General, 1945-1946, p. 756; Marsh v. Garwood, 65 So.2d 15 (Fla. 1953); Sellers v. Bridges, 15 So.2d 293 (Fla. 1943). Accordingly, I conclude that the procedures employed by the Parole and Probation Commission comport with the constitutional requirements of Morrissey v. Brewer, supra, and that the Department of Offender Rehabilitation has the authority to hold in custody, pending a final revocation hearing, paroled prisoners arrested and returned to the state correctional system in accordance with commission procedures.