PER CURIAM.
After violating probation on count II, Michael Kendrick was credited with time served in prison on count I against his new term of imprisonment. While on conditional release supervision, he moved the court for correction of his sentence due to an unintended result — in that he was being required to serve more time than anticipated — asking for a downward modification of his sentence to effectuate the intention of all parties to his plea agreement. Instead of modifying his sentence, the trial court issued an order terminating his supervised release. The order was entered without notice to the State of Florida Parole Commission, which was charged with supervising Kendrick’s conditional release.
*1291 The Commission filed the instant petition for writ of certiorari challenging the order. The Commission argues that, while the trial court could have resentenced Kendrick in accordance with his plea or allowed him to withdraw his plea, it did neither, but instead divested the Commission, a part of the executive branch, from its supervisory authority in violation of the separation of powers doctrine, see generally Marsh v. Garwood, 65 So.2d 15, 21 (Fla.1953), and without notice, though its authority was affected, see generally Singletary v. Duggins, 724 So.2d 1234 (Fla. 3d DCA 1999). Kendrick concedes that it was error for the trial court merely .to terminate his supervised release rather than resentencing him in such a way as to accomplish that result.
Accordingly, we grant the petition, quash the order on review, and remand for the trial court once again to address Kendrick’s motion, so that it may resentence him if it determines resentencing is warranted.
STEVENSON, SHAHOOD and GROSS, JJ., concur.