PUBLISHED

## VIRGINIA:

*In the Court of Appeals of Virginia on* **Tuesday** *the* **5th** *day of* **August, 2025**.

Messiah Aladar Johnson,                                                                 Petitioner,

 against               Record No. 0847-24-1

Commonwealth of Virginia,                                                            Respondent.

Upon a Petition for a Writ of Actual Innocence

Before Judges Callins, White, and Bernhard

Messiah Johnson comes before this Court seeking a writ of actual innocence based on non-biological evidence. *See* Code §§ 19.2-327.10 through -327.14. Johnson was convicted of a 1997 robbery and related offenses, for which he was subsequently sentenced to 132 years in prison. In 2018, Johnson accepted a conditional pardon from the Governor. The conditions affixed to this pardon were satisfied by Johnson in 2021. The question now before this Court is whether Johnson's satisfaction of the conditional pardon's conditions nullified his convictions, thereby stripping this Court of subject matter jurisdiction over this case. For the following reasons, we hold that it does and dismiss Johnson's petition for a writ of actual innocence for a lack of subject matter jurisdiction.

BACKGROUND

In the late 1990s, Johnson was convicted of multiple felonies and thereafter sentenced to 132 years in prison. On January 12, 2018, then-Governor Terence R. McAuliffe granted Johnson a conditional pardon. Johnson signed a document entitled "Acceptance of the Conditional Pardon" on January 16, 2018. Additionally, Johnson signed a Virginia Parole Board document formalizing the conditions of his release on April 25, 2018. The pardon listed three conditions: first, that Johnson complete a re-entry program; second, that Johnson be subject to three years of supervision by the Virginia Parole Board; and third, that Johnson comply with all other conditions set by the Board. Johnson complied with all three conditions and was

discharged from supervision on April 26, 2021. The parties have stipulated that this conditional pardon is a full conditional pardon, as opposed to a partial conditional pardon or a commutation. Johnson has now petitioned this Court for a writ of actual innocence. In response, the Commonwealth moved to dismiss Johnson's petition for a lack of subject matter jurisdiction. This Court must first address this jurisdictional challenge before reaching the merits of Johnson's petition.

ANALYSIS

The Commonwealth of Virginia has moved to dismiss Johnson's petition for a writ of actual innocence. The Commonwealth argues that, because he satisfied the conditions of his pardon, Johnson's convictions no longer stand. The Commonwealth maintains that the satisfaction of these conditions has stripped this Court of subject matter jurisdiction. We agree.

"[T]he threshold question for whether this Court has subject matter jurisdiction over a petition for a writ of actual innocence is whether a person was 'convicted of a felony.'" *Hood v. Commonwealth*, 75 Va. App. 358, 363 (2022) (quoting *Turner v. Commonwealth*, 282 Va. 227, 239 (2011)). Here, we must decide as a matter of first impression whether Johnson still stands "convicted" before considering the merits of his petition.

A pardon conclusively erases the recipient's guilt and makes him a "new man." Pardons have their roots in common law, and as our Supreme Court has recognized, have the effect of making "the offender a new man, to acquit him of all corporal penalties and forfeitures annexed to the offense for which the pardon is granted, and to give him a new credit and capacity." *Edwards v. Commonwealth*, 78 Va. 39, 42 (1883).

"A pardon may be full or partial, absolute or conditional." *Blount v. Clarke*, 291 Va. 198, 205 (2016) (quoting *Lee v. Murphy*, 63 Va. (22 Gratt.) 789, 794 (1872)). A pardon is defined as "[t]he act or an instance of officially nullifying punishment or other legal consequences of a crime." *Id.* at 206 (alteration in original) (quoting *Pardon*, *Black's Law Dictionary* (10th ed. 2014)). A conditional pardon is "[a] pardon that does not become effective until the wrongdoer satisfies a prerequisite or that will be revoked upon the occurrence of some specified act." *Id.* (alteration in original). A partial pardon is one "that exonerates the offender from

-2-

some but not all of the punishment or legal consequences of a crime." *Id.* But when full, a pardon "relieves the punishment [of the convicted] and blots out of existence the guilt," in effect making him a "new man." *Edwards*, 78 Va. at 43 (quoting *Ex parte Garland*, 71 U.S. (4 Wall.) 333 (1867)). Indeed, a full pardon recipient does not stand "convicted" of any offense:

> A pardon is defined to be a remission of guilt. Its effect, under the English law, is thus stated by Hawkins in his Pleas of the Crown: "The pardon of a treason or felony, even after a conviction or attainder, does so far clear the party from the infamy of all other consequences of his crime that he may not only have an action for a scandal in calling him traitor or felon after the time of the pardon, but may also be a good witness notwithstanding the attainder or conviction; because the pardon makes him, as it were, a new man."

*Id.* at 41-42. To be sure, a conditional pardon may be either partial or full. A full conditional pardon, when satisfied, "not only remits the original punishment, but restores the competency of the offender and removes the infamy of the conviction." *Lee*, 63 Va. at 799. A partial conditional pardon, however, merely remits or releases the punishment without removing the guilt of the offender. *Id.*

It is well-established Virginia law that the Governor's constitutional power "to grant reprieves and pardons after conviction" includes the power to issue conditional pardons. Va. Const. art. V, § 12; *Lee*, 63 Va. at 791. Our Supreme Court has long recognized that the executive "may extend his mercy upon what terms he pleases, and may annex to his county a condition precedent or subsequent, on the performance whereof the validity of the pardon will depend." *Lee*, 63 Va. at 791. Certainly, a conditional pardon "simply implies a contract between the sovereign power and the criminal, that the former will release the criminal upon certain conditions imposed by the sovereign and accepted by the criminal." *Id.* at 791-92.[1]

---

[1] To clarify, a conditional pardon is not a mere commutation. While "[a] conditional pardon is a grant, to the validity of which acceptance is essential," it may still be rejected by the convicted person. *Lee*, 63 Va. at 798. A commutation, on the other hand, "is the substitution of a less for a greater punishment, by authority of law, and may be imposed upon the convict without his acceptance, and against his consent." *Id.* In Virginia, the executive is only authorized to commute capital punishment. *Id.* The executive may grant a conditional pardon in all cases legally involving an exercise of the pardoning power. *Id.*

The Governor may affix any condition to a pardon so long as it is not "impossible, immoral or illegal." *Id.* at 802. Where the valid conditions that are affixed to a pardon are satisfied, however, the pardon is rendered "absolute" and "entitles the felon to his discharge from all the penalties consequent upon the conviction." *Id.* at 798. Conversely, the "failure to perform [the conditions] renders the pardon utterly void; and he may be brought to the bar and remanded, to suffer the punishment to which he was originally sentenced." *Id.*

Yet most importantly for Johnson's purposes is the effect of a full conditional pardon that is satisfied. Under long-standing Virginia law, a fully satisfied conditional pardon converts to an absolute pardon: "A performance of the condition renders the pardon absolute; and entitles the felon to his discharge from all the penalties consequent upon the conviction." *Id.* Having satisfied all of his conditions, Johnson now stands absolutely pardoned of the offenses for which he seeks actual innocence relief. "[T]he pardon not merely releases the offender from punishment prescribed for the offense, but . . . it *obliterates in legal contemplation the offense itself*." *Edwards*, 78 Va. at 43 (emphasis added) (quoting *Carlisle v. United States*, 83 U.S. (16 Wall.) 147, 151 (1873)). As such, there are no longer any convictions for which Johnson can be found actually innocent of in this case.

This Court's precedent guides our jurisdictional capacities for issuing writs of actual innocence in cases where the petitioner's felony conviction was vacated by writ of habeas corpus. We must dismiss such cases for a lack of subject matter jurisdiction because, "as a matter of law, [the] conviction was a legal nullity and 'no conviction at all.'" *Hood*, 75 Va. App. at 365 (quoting *Nelson v. Colorado*, 581 U.S. 128, 136 n.10 (2017)).[2] The same reasoning applies here. The actual innocence process is designed to reach only valid, existing convictions, evidenced by the presumption of guilt: "A person seeking a writ of actual innocence

---

[2] Fourth Circuit jurisprudence provides this Court with additional guidance. *See Blount v. Clarke*, 890 F.3d 456 (4th Cir. 2018) (holding that federal courts lack jurisdiction to grant habeas relief to pardon recipients); *United States v. Surratt*, 855 F.3d 218 (4th Cir. 2017) (en banc), *cert. denied*, 583 U.S. 1040 (2017) (holding that federal courts lack jurisdiction to grant habeas relief to presidential commutation recipients).

faces a daunting task; the process begins not with a presumption that a petitioner is innocent, but rather, that he or she is guilty." *Haas v. Commonwealth*, 74 Va. App. 586, 624 (2022). As the recipient of a full conditional pardon, this basic presumption rooting our actual innocence jurisdiction cannot be applied to Johnson's petition.

Indeed, Johnson cannot receive actual innocence relief because he is no longer subject to any judicially imposed felony convictions for this case. A person whose convictions were erased by a fully satisfied conditional pardon no longer stands "convicted" of felonies, and, as such, this Court lacks subject matter jurisdiction to consider that person's petition for a writ of actual innocence.[3]

CONCLUSION

For the foregoing reasons, we dismiss Johnson's petition for a writ of actual innocence due to a lack of subject matter jurisdiction.[4]

---

[3] While both the Commonwealth and Johnson agree that Johnson no longer stands convicted of a crime, each requests broader language from this Court in our dismissal. The Commonwealth requests that this Court hold that at the moment Johnson accepted the Governor's conditional pardon, "executively-set terms supersede the original, judicially imposed conviction and sentence," and consequently "the original convictions become a legal nullity . . . until the conditional pardon is revoked." Conversely, Johnson requests that this Court hold that the conversion of his conditional pardon to an absolute pardon has "all the attendant benefits" affixed to it, specifically finding an included entitlement to expungement of his record under Code § 19.2-392.1.

We decline to reach either party's collateral request. The case before us presents facts that go beyond, both in time of and in substance of, the initial acceptance of the conditional pardon. The Commonwealth asks us to rule on a case not before us. Likewise, the case before us is not one requiring an analysis of the legislatively created expungement procedure. Our judicial principle to decide cases on the best and narrowest grounds requires this restraint. *See Butcher v. Commonwealth*, 298 Va. 392, 396 (2020) (quoting *Commonwealth v. White*, 293 Va. 411, 419 (2017) ("As we have often said, 'the doctrine of judicial restraint dictates that we decide cases "on the best and narrowest grounds available."'" The "best" answer . . . is the one with which the least number of jurists would disagree . . . . The "narrowest" answer . . . is the one affecting the least number of cases.")).

[4] As of the publication of this order, a motion to stay the writ of actual innocence proceedings in this case is pending. The resolution of this matter renders that motion moot.

-5-

We direct the Clerk of this Court to send copies of this order to Johnson's counsel, to the Attorney General, and to the Commonwealth's Attorney of the City of Norfolk.

This order shall be published.

A Copy,

Teste:

A. John Vollino, Clerk

By: *original order signed by a deputy clerk of the Court of Appeals of Virginia at the direction of the Court*

Deputy Clerk